**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MUTAZ ALSHARA,

        Plaintiff,

v.

                                  Case No. 2:26-cv-12016
                                  Honorable Brandy R. McMillion
                                  United States District Judge

MASTERCARD INCORPORATED,
MASTERCARD INTERNATIONAL
INCORPORATED,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil case filed by Plaintiff Mutaz Alshara ("Plaintiff") against Defendants Mastercard Incorporated, and Mastercard International Incorporated (collectively, "Defendants").  *See generally* ECF No. 1.  Plaintiff has also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2.  For the reasons below, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, but this case is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court finds that Plaintiff has failed to state a federal claim for which relief can be granted, and Plaintiff's state law claims should be litigated in state court.

1

**I.**

Plaintiff is seeking civil redress against Defendant relating to an alleged $36.00 fraudulent charge on his debit card. *See* ECF No. 1, PageID.1. He alleges that Defendants, through their Automatic Billing Updater service, allowed a third-party merchant to continue to charge him a monthly recurring membership/subscription fee. *Id.* at PageID.7. Plaintiff claims that he purposefully changed his debit card number so the third-party merchant could not continue to bill him monthly subscription charges. *Id.* at PageID.1.

Plaintiff brings claims under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. (Count I), the Michigan Consumer Protection Act, MCL § 445.901 et seq. (Count II), the Sherman Act, 15 USC §§ 1, 2 (Counts III and IV), Negligence (Count V), Conversion (Count VI), Unjust Enrichment (Count VII), and Invasion of Privacy – Intrusion Upon Seclusion (Count VIII). *See* ECF No. 1, PageID.16-24. He seeks actual damages in the amount of $36.00 and punitive damages in the amount of $75,000,000. *Id.* at PageID.24-25.

**II.**

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*), which based on his financial status, the Court **GRANTS**. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action

2

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory.  *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.  A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct.  *Iqbal*, 556 U.S. at 678.

## III.

Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

*Houston v. Garland*, No. 2:22-cv-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), *aff'd*, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26, 2024).  Federal Courts have jurisdiction to hear two types of cases: (1) cases presenting a federal question arising under the United States Constitution, federal laws or treaties, pursuant to 28 U.S.C. § 1331; and (2) cases based on diversity of citizenship where a citizen of one state sues a citizen of another state or nation and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

As an initial matter, the Court notes that it only has federal question jurisdiction over this case.  Plaintiff alleges that the Court also has diversity jurisdiction, but that is not so.  The allegations of the Complaint place at issue a $36.00 debit card transaction.  This certainly is far short of the $75,000 jurisdictional requirement necessary to proceed under diversity jurisdiction, 28 U.S.C. § 1332.  That Plaintiff also seeks $75,000,000 in punitive damages is insufficient to confer jurisdiction because the Court is not required to consider fictitious or fantastical numbers that would simply manufacture jurisdiction.  *See e.g., Randall v. Pitzer*, 23 F. App'x 532, 534 (6th Cir. 2001) (subjective belief that claim is worth more than $75,000, without more, is insufficient to establish the statutory jurisdictional amount).

As to Count I, Plaintiff fails to allege sufficient facts to support a claim under the EFTA, 15 U.S.C. § 1693 *et seq*.  The EFTA was enacted as part of the

4

comprehensive Consumer Credit Protection Act, 15 U.S.C. §§ 1601–1693r ("CCPA") and "protects individual consumer rights by 'provid[ing] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.'" *Clemmer v. Key Bank Nat'l Ass'n,* 539 F.3d 349, 351 (6th Cir. 2008) (citing 15 U.S.C. § 1693(b)). However, Plaintiff's Complaint fails to allege facts sufficient to support a claim, even under the statute's broad construction. Plaintiff states that Defendants enrolled him in an Automatic Billing Updater service and therefore facilitated the unauthorized electronic funds transfer. *Id.* at PageID.17. But what is absent is any factual assertions relating to the cancellation of the underlying service, notice to the Defendants that Plaintiff had done so, or that the third-party merchant was prohibited from continuing to charge the monthly subscription fees. Failure to plead these things with particularity, even under the liberal construction afforded to *pro se* complaints, fails to state a plausible claim for relief. Conclusory allegations are insufficient to state a valid claim. *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555-57. Count I is therefore subject to dismissal.

The other federal claims, Counts III and IV, brought pursuant to the Sherman Act, 15 U.S.C. §§ 1, 2 also fail to state a plausible claim for relief. As this Court has previously informed Plaintiff:

> "The offense of monopoly under § 2 of the Sherman Act has two elements: (1) the possession of monopoly power in the relevant market

5

and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 481 (1992) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966)).

Simply possessing monopoly power is not a violation of § 2. *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 447–48 (2009).

*Alshara v. Internet Corporation for Assigned Names and Numbers, et al.*, Case 2:26-cv-11934-SJM-CI (E.D. Mich. June 26, 2026) (ECF No. 5, PageID.37-38). Again here, even if the complaint has enough allegations regarding monopoly power, it contains no allegations that Defendants "willfully acquired or maintained its monopoly power as opposed to developed it 'as a consequence of a superior product, business acumen, or historic accident.'" *Id.* (internal citations omitted). Consequently, these Sherman Act claims are similarly dismissed.

That leaves Plaintiff's state law claims under the Michigan Consumer Protection Act, MCL § 445.901 et seq. (Count II), Negligence (Count V), Conversion (Count VI), Unjust Enrichment (Count VII), and Invasion of Privacy – Intrusion Upon Seclusion (Count VIII). *See* ECF No. 1, PageID.18-24. District courts have discretion to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the alleged federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state

law claims.  Therefore, the Court dismisses those claims without prejudice and instructs Plaintiff that he can refile those claims in state court, if he desires.

## IV.

Accordingly, Plaintiff's alleged federal claims under 15 U.S.C. § 1693 (Count I) and 15 USC §§ 1, 2 (Counts III and IV) are summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  The remaining state law claims (Counts II, V-VIII) are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiff so desires.

**IT IS FURTHER ORDERED** that the Court finds this action frivolous under 28 U.S.C. § 1915(e)(2)(B), and any appeal of this order would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d at 610–11.

**IT IS FURTHER ORDERED** that Plaintiff is reminded that he has been **ENJOINED** from filing anything further in this Court without seeking leave of the Court.  *See* Case No. 2:26-cv-11929-MFL-CI (E.D. Mich. July 20, 2026) (ECF No. 9, PageID.64-65).

**IT IS SO ORDERED.**

Dated:  July 27, 2026                                  s/Brandy R. McMillion
                                                                  Hon. Brandy R. McMillion
                                                                  United States District Judge

7